### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANTS*
*1719 27ST LLC, 25 27ST LLC AND*
*HEATHERWOOD COMMUNITIES, LLC*
58 South Service Road, Ste. 250
Melville, New York  11747
(631) 247-0404
ATTORNEYS OF RECORD:
    ROGER H. BRITON, ESQ.
    KATHRYN J. RUSSO, ESQ.

-------------------------------------------------------------------x

FAIR HOUSING JUSTICE CENTER, INC.

        Plaintiff,

    -against-

1719 27ST LLC, 25 27ST LLC, HEATHERWOOD
COMMUNITIES LLC, KARL FISCHER
ARCHITECTURE PLLC, AND SEVERUD
ASSOCIATES CONSULTING ENGINEERS, P.C.,

        Defendants.

-------------------------------------------------------------------x

Case No.:  15-06236

JBW
SMG

TO:    GLEN H. PARKER, ESQ.
       PARKER HANSKI LLC
       *ATTORNEYS FOR PLAINTIFF*
       40 Worth Street, 10th Floor
       New York, New York  10013
       (212) 248-7400

## DEFENDANTS 1719 27ST LLC, 25 27ST LLC AND HEATHERWOOD COMMUNITIES LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT, AND CROSS-CLAIMS

Defendants 1719 27ST LLC, 25 27ST LLC and HEATHERWOOD

COMMUNITIES LLC (hereinafter referred to as "Defendants"), by their attorneys Jackson

Lewis P.C., in response to the allegations in Plaintiff's Amended Complaint ("Complaint"),

state as follows:

## AS TO "NATURE OF THE CLAIMS"

1.      Defendants deny the allegations contained in Paragraph "1" of Plaintiff's Amended Complaint.

2.      The allegations of Paragraph "2" of Plaintiff's Amended Complaint constitute legal conclusions to which no response is required.  To the extent Paragraph "2" consists of additional factual allegations, Defendants deny the allegations contained therein insofar as they pertain to these answering Defendants.

3.      Defendants deny the allegations contained in Paragraph "3" of Plaintiff's Amended Complaint.

## AS TO "JURISDICTION AND VENUE"

4.      The allegations of Paragraph "4" of Plaintiff's Amended Complaint constitute legal conclusions to which no response is required.

5.      Defendants deny the allegations contained in Paragraph "5" of Plaintiff's Amended Complaint.

## AS TO "THE PROPERTY"

6.      The allegations of Paragraph "6" of Plaintiff's Amended Complaint constitute legal conclusions to which no response is required, but admit that "27 on 27th" is located at 27-03 42nd Road, Long Island City, New York.

7.      Defendants admit the allegations contained in Paragraph "7" of Plaintiff's Amended Complaint, except deny that the building is for "public use."

8.      Defendants admit the allegations contained in Paragraph "8" of Plaintiff's Amended Complaint.

9.      The allegations of Paragraph "9" of Plaintiff's Amended Complaint constitute legal conclusions to which no response is required.

10. Defendants admit the allegations contained in Paragraph "10" of Plaintiff's Amended Complaint.

11. The allegations of Paragraph "11" of Plaintiff's Amended Complaint constitute legal conclusions to which no response is required.

12. The allegations of Paragraph "12" of Plaintiff's Amended Complaint constitute legal conclusions to which no response is required.

### AS TO "PARTIES"

**Plaintiff**

13. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "13" of Plaintiff's Amended Complaint.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "14" of Plaintiff's Amended Complaint.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "15" of Plaintiff's Amended Complaint.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "16" of Plaintiff's Amended Complaint.

17. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "17" of Plaintiff's Amended Complaint, except deny that Defendants engaged in discriminatory conduct.

18.     Defendants deny the allegations contained in Paragraph "18" of Plaintiff's Amended Complaint.

19.     Defendants deny the allegations contained in Paragraph "19" of Plaintiff's Amended Complaint.

**Defendants**

20.     The allegations of Paragraph "20" of Plaintiff's Amended Complaint constitute legal conclusions to which no response is required, except admit that the Defendants participated in the design and construction of 27 on 27th.

21.     Defendants admit the allegations contained in Paragraph "21" of Plaintiff's Amended Complaint.

22.     Defendants deny the allegations contained in Paragraph "22" of Plaintiff's Amended Complaint.

23.     Defendants admit the allegations contained in Paragraph "23" of Plaintiff's Amended Complaint.

24.     Defendants admit the allegations contained in Paragraph "24" of Plaintiff's Amended Complaint.

25.     The allegations of Paragraph "25" of Plaintiff's Amended Complaint constitute legal conclusions to which no response is required.

26.     Defendants admit the allegations contained in Paragraph "26" of Plaintiff's Amended Complaint.

27.     Defendants deny the allegations contained in Paragraph "27" of Plaintiff's Amended Complaint.

28.     Defendants deny the allegations contained in Paragraph "28" of Plaintiff's Amended Complaint.

29.     Defendants admit the allegations contained in Paragraph "29" of Plaintiff's Amended Complaint.

30.     Defendants deny the allegations contained in Paragraph "30" of Plaintiff's Amended Complaint.

31.     Defendants admit the allegations contained in Paragraph "31" of Plaintiff's Amended Complaint.

32.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "32" of Plaintiff's Amended Complaint.

33.     Defendants admit the allegations contained in Paragraph "33" of Plaintiff's Amended Complaint.

34.     Defendants admit the allegations contained in Paragraph "34" of Plaintiff's Amended Complaint.

35.     Defendants admit the allegations contained in Paragraph "35" of Plaintiff's Amended Complaint.

36.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "36" of Plaintiff's Amended Complaint.

37.     Defendants admit the allegations contained in Paragraph "37" of Plaintiff's Amended Complaint.

**Inaccessible features at 27 on 27th**

38.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "38" of Plaintiff's Amended Complaint.

39.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "39" of Plaintiff's Amended Complaint.

40.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "40" of Plaintiff's Amended Complaint.

41.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "41" of Plaintiff's Amended Complaint, except deny that the building was not readily accessible to and usable by people with disabilities as described in Paragraph "41."

42.    Defendants deny the allegations contained in Paragraph "42" of Plaintiff's Amended Complaint.

43.    Defendants deny the allegations contained in Paragraph "43" of Plaintiff's Amended Complaint.

44.    Defendants deny the allegations contained in Paragraph "44" of Plaintiff's Amended Complaint.

45.    Defendants deny the allegations contained in Paragraph "45" of Plaintiff's Amended Complaint.

46.    The allegations of Paragraph "46" of Plaintiff's Amended Complaint constitute legal conclusions to which no response is required.  To the extent Paragraph "46"

consists of additional factual allegations, Defendants deny the allegations contained therein insofar as they pertain to these answering Defendants.

47.     Defendants deny the allegations contained in Paragraph "47" of Plaintiff's Amended Complaint.

## AS TO "STATUTORY AND REGULATORY FRAMEWORK"

48.     The allegations of Paragraph "48" of Plaintiff's Amended Complaint constitute legal conclusions to which no response is required.

49.     The allegations of Paragraph "49" of Plaintiff's Amended Complaint constitute legal conclusions to which no response is required.

50.     The allegations of Paragraph "50" of Plaintiff's Amended Complaint constitute legal conclusions to which no response is required.

51.     The allegations of Paragraph "51" of Plaintiff's Amended Complaint constitute legal conclusions to which no response is required.

52.     The allegations of Paragraph "52", including subparagraphs a. through f. of Plaintiff's Amended Complaint constitute legal conclusions to which no response is required.

53.     The allegations of Paragraph "53" of Plaintiff's Amended Complaint constitute legal conclusions to which no response is required.

54.     The allegations of Paragraph "54" of Plaintiff's Amended Complaint constitute legal conclusions to which no response is required.

55.     The allegations of Paragraph "55" of Plaintiff's Amended Complaint constitute legal conclusions to which no response is required.

## AS TO "FIRST CAUSE OF ACTION
### (VIOLATION OF THE FEDERAL FAIR HOUSING AMENDMENTS ACT)"

56. Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 55 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

57. Defendants deny the allegations contained in Paragraph "57" of Plaintiff's Amended Complaint.

58. Defendants deny the allegations contained in Paragraph "58" of Plaintiff's Amended Complaint.

59. The allegations of Paragraph "59" of Plaintiff's Amended Complaint constitute legal conclusions to which no response is required.

60. Defendants deny the allegations contained in Paragraph "60" of Plaintiff's Amended Complaint.

61. Defendants deny the allegations contained in Paragraph "61" of Plaintiff's Amended Complaint.

62. Defendants deny the allegations contained in Paragraph "62" of Plaintiff's Amended Complaint.

63. Defendants deny the allegations contained in Paragraph "63" of Plaintiff's Amended Complaint.

64. Defendants deny the allegations contained in Paragraph "64" of Plaintiff's Amended Complaint.

65. Defendants deny the allegations contained in Paragraph "65" of Plaintiff's Amended Complaint.

66.     Defendants deny the allegations contained in Paragraph "66" of Plaintiff's Amended Complaint.

67.     Defendants deny the allegations contained in Paragraph "67" of Plaintiff's Amended Complaint.

## AS TO "SECOND CAUSE OF ACTION
### (Violation of New York State Executive Law)"

68.     Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 67 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

69.     The allegations of Paragraph "69" of Plaintiff's Amended Complaint constitute legal conclusions to which no response is required.

70.     The allegations of Paragraph "70" of Plaintiff's Amended Complaint constitute legal conclusions to which no response is required.

71.     The allegations of Paragraph "71" of Plaintiff's Amended Complaint constitute legal conclusions to which no response is required.

72.     Defendants deny the allegations contained in Paragraph "72" of Plaintiff's Amended Complaint.

73.     Defendants deny the allegations contained in Paragraph "73" of Plaintiff's Amended Complaint.

74.     Defendants deny the allegations contained in Paragraph "74" of Plaintiff's Amended Complaint.

75.     Defendants deny the allegations contained in Paragraph "75" of Plaintiff's Amended Complaint.

76.     Defendants deny the allegations contained in Paragraph "76" of Plaintiff's Amended Complaint.

77.     Defendants deny the allegations contained in Paragraph "77" of Plaintiff's Amended Complaint.

78.     Defendants deny the allegations contained in Paragraph "78" of Plaintiff's Amended Complaint.

79.     Defendants deny the allegations contained in Paragraph "79" of Plaintiff's Amended Complaint.

80.     Defendants deny the allegations contained in Paragraph "80" of Plaintiff's Amended Complaint.

81.     Defendants deny the allegations contained in Paragraph "81" of Plaintiff's Amended Complaint.

## AS TO "THIRD CAUSE OF ACTION
## (VIOLATION OF THE ADMINISTRATIVE CODE OF
## THE CITY OF NEW YORK)"

82.     Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 81 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

83.     The allegations of Paragraph "83" of Plaintiff's Amended Complaint constitute legal conclusions to which no response is required.

84.     The allegations of Paragraph "84" of Plaintiff's Amended Complaint constitute legal conclusions to which no response is required.

85.     The allegations of Paragraph "85" of Plaintiff's Amended Complaint constitute legal conclusions to which no response is required.

86.     The allegations of Paragraph "86" of Plaintiff's Amended Complaint constitute legal conclusions to which no response is required.

87.     Defendants admit the allegations contained in Paragraph "87" of Plaintiff's Amended Complaint.

88.     Defendants admit the allegations contained in Paragraph "88" of Plaintiff's Amended Complaint.

89.     Defendants admit the allegations contained in Paragraph "89" of Plaintiff's Amended Complaint.

90.     Defendants deny the allegations contained in Paragraph "90" of Plaintiff's Amended Complaint.

91.     Defendants deny the allegations contained in Paragraph "91" of Plaintiff's Amended Complaint.

92.     Defendants deny the allegations contained in Paragraph "92" of Plaintiff's Amended Complaint.

93.     Defendants deny the allegations contained in Paragraph "93" of Plaintiff's Amended Complaint.

94.     Defendants deny the allegations contained in Paragraph "94" of Plaintiff's Amended Complaint.

95.     Defendants deny the allegations contained in Paragraph "95" of Plaintiff's Amended Complaint.

96.     Defendants deny the allegations contained in Paragraph "96" of Plaintiff's Amended Complaint.

97.     Defendants deny the allegations contained in Paragraph "97" of Plaintiff's Amended Complaint.

98.     Defendants deny the allegations contained in Paragraph "98" of Plaintiff's Amended Complaint.

99.     Defendants deny the allegations contained in Paragraph "99" of Plaintiff's Amended Complaint.

100.    Defendants deny the allegations contained in Paragraph "100" of Plaintiff's Amended Complaint.

101.    Defendants deny the allegations contained in Paragraph "101" of Plaintiff's Amended Complaint.

## AS TO "FOURTH CAUSE OF ACTION
## (VIOLATIONS OF NEW YORK STATE CIVIL RIGHTS LAWS)

102.    Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 101 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

103.    Defendants deny the allegations contained in Paragraph "103" of Plaintiff's Amended Complaint.

104.    Defendants deny the allegations contained in Paragraph "104" of Plaintiff's Amended Complaint.

105.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "105" of Plaintiff's Amended Complaint.

## AS TO "PRAYER FOR RELIEF"

106.    Defendants deny each and every allegation, statement and claim set forth in the "WHEREFORE" section of the Amended Complaint, including subparagraphs A. through J. therein.

## ADDITIONAL AVERMENTS

107.    Defendants deny all claims and allegations not unequivocally admitted herein.  Without assuming the burden of proof as to any of the following defenses where the law does not impose such a burden on Defendants, Defendants assert the following defenses:

## FIRST AFFIRMATIVE DEFENSE

108.    Plaintiff's Amended Complaint fails to state claim upon which relief can be granted as a matter of fact and/or law.

## SECOND AFFIRMATIVE DEFENSE

109.    Plaintiff's Amended Complaint is barred, in whole or in part, by the applicable statute of limitations, the doctrine of waiver, and/or the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

110.    At all times relevant hereto, Defendants acted in good faith and have not violated any rights which may be secured to Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

## FOURTH AFFIRMATIVE DEFENSE

111.    Providing any potential accommodations, if any existed, would have posed an undue hardship on Defendants.

## FIFTH AFFIRMATIVE DEFENSE

112.    Plaintiff lacks standing to bring its claims.

## SIXTH AFFIRMATIVE DEFENSE

113.     Plaintiff's claims are barred in whole or in part because it has sustained no actual damages.

## SEVENTH AFFIRMATIVE DEFENSE

114.     The Amended Complaint fails to set forth facts and circumstances that would support an award of punitive damages against Defendants.

## EIGTH AFFIRMATIVE DEFENSE

115.     Plaintiff has not suffered any actual damages, prerequisite to the recovery of any punitive damages, and therefore no punitive damages can be recovered.

## NINTH AFFIRMATIVE DEFENSE

116.     Defendants acted in good faith and without any unlawful motive, intent, malice or reckless disregard for Plaintiff's rights, and therefore, punitive damages are improper and unwarranted.

## TENTH AFFIRMATIVE DEFENSE

117.     Upon information and belief, the injuries and damages allegedly sustained by Plaintiff, if any, were the result of the acts of independent third person(s) over whom these answering Defendants exercised no direction or control.

## ELEVENTH AFFIRMATIVE DEFENSE

118.     Upon information and belief, the injuries and damages allegedly sustained by Plaintiff, if any, were the result of the acts of superseding and/or intervening acts of negligence by persons over whom these answering Defendants had neither control nor the right of control.

119.   These answering Defendants reserve the right to assert further affirmative defenses which may be appropriate as discovery progresses or as otherwise may be warranted.

**AS AND FOR A FIRST CROSS-CLAIM FOR CONTRIBUTION AGAINST DEFENDANTS KARL FISCHER ARCHITECTURE PLLC AND SEVERUD ASSOCIATES CONSULTING ENGINEERS, P.C.**

120.   Assuming, without conceding, that Defendants 1719 27ST LLC, 25 27ST LLC and/or HEATHERWOOD COMMUNITIES LLC are held liable for any damages demanded by Plaintiff, such liability will have resulted, in whole or in part, from the actions of Defendants KARL FISCHER ARCHITECTURE PLLC and/or SEVERUD ASSOCIATES CONSULTING ENGINEERS, P.C.

121.   If Plaintiff sustained the injuries and damages alleged in the Amended Complaint, and if it is found that the Defendants 1719 27ST LLC, 25 27ST LLC and/or HEATHERWOOD COMMUNITIES LLC are liable to Plaintiff, all of which is specifically denied, then Defendants 1719 27ST LLC, 25 27ST LLC and/or HEATHERWOOD COMMUNITIES LLC are entitled to contribution from Defendants KARL FISCHER ARCHITECTURE PLLC and/or SEVERUD ASSOCIATES CONSULTING ENGINEERS, P.C. for and on account of any such damages, in whole or in part, for which Defendants 1719 27ST LLC, 25 27ST LLC and/or HEATHERWOOD COMMUNITIES LLC are found to be liable.

122.   Defendants 1719 27ST LLC, 25 27ST LLC and HEATHERWOOD COMMUNITIES LLC demand an answer to this cross-claim from Defendants KARL FISCHER ARCHITECTURE PLLC and SEVERUD ASSOCIATES CONSULTING ENGINEERS, P.C.

15

## AS AND FOR A SECOND CROSS-CLAIM FOR INDEMNIFICATION AGAINST DEFENDANTS KARL FISCHER ARCHITECTURE PLLC AND SEVERUD ASSOCIATES CONSULTING ENGINEERS, P.C.

123.   Assuming, without conceding, that Defendants 1719 27ST LLC, 25 27ST LLC and/or HEATHERWOOD COMMUNITIES LLC are held liable for any damages demanded by Plaintiff, such liability will have resulted, in whole or in part, from the actions of Defendants KARL FISCHER ARCHITECTURE PLLC and/or SEVERUD ASSOCIATES CONSULTING ENGINEERS, P.C.

124.   If Plaintiff sustained the injuries and damages alleged in the Amended Complaint, and if it is found that the Defendants 1719 27ST LLC, 25 27ST LLC and/or HEATHERWOOD COMMUNITIES LLC are liable to Plaintiff, all of which is specifically denied, then Defendants 1719 27ST LLC, 25 27ST LLC and/or HEATHERWOOD COMMUNITIES LLC are entitled to indemnification from Defendants KARL FISCHER ARCHITECTURE PLLC and/or SEVERUD ASSOCIATES CONSULTING ENGINEERS, P.C. for and on account of any such damages, in whole or in part, for which Defendants 1719 27ST LLC, 25 27ST LLC and/or HEATHERWOOD COMMUNITIES LLC are found to be liable.

125.   Defendants 1719 27ST LLC, 25 27ST LLC and HEATHERWOOD COMMUNITIES LLC demand an answer to this cross-claim from Defendants KARL FISCHER ARCHITECTURE PLLC and SEVERUD ASSOCIATES CONSULTING ENGINEERS, P.C.

**WHEREFORE**, Defendants 1719 27ST LLC, 25 27ST LLC and HEATHERWOOD COMMUNITIES LLC request that the Court:

(a)     dismiss with prejudice Plaintiff's Amended Complaint;

16

(b)     deny each and every demand, claim and prayer for relief contained in Plaintiff's Amended Complaint;

(c)     award to Defendants reimbursement for its costs, including attorneys' fees; and,

(d)     grant such other and further relief as the Court deems just and proper.

Dated: Melville, New York
       January 15, 2016

Respectfully submitted,

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANTS*
*1719 27ST LLC, 25 27ST LLC AND*
*HEATHERWOOD COMMUNITIES LLC*
58 South Service Road, Suite 250
Melville, New York  11747
(631) 247-0404

By:     _____
        ROGER H. BRITON, ESQ.
        KATHRYN J. RUSSO, ESQ.

17

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of January, 2016, **DEFENDANTS 1719 27ST LLC, 25 27ST LLC AND HEATHERWOOD COMMUNITIES LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT, AND CROSS-CLAIMS** was electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and the Eastern District's Rules on Electronic Service upon the following parties and participants:

GLEN H. PARKER, ESQ.
PARKER HANSKI LLC
*ATTORNEYS FOR PLAINTIFF*
40 Worth Street, 10th Floor
New York, New York  10013

CATHLEEN KELLY REBAR, ESQ.
STEWART BERNSTIEL REBAR & SMITH
*ATTORNEYS FOR DEFENDANT KARL FISCHER ARCHITECTURE PLLC*
1271 Avenue of the Americas, 4300
New York, New York  10020

ROBERT A. FITCH, ESQ.
RAWLE & HENDERSON, LLP
*ATTORNEYS FOR DEFENDANT SEVERUD ASSOCIATES CONSULTING ENGINEERS, P.C.*
14 WALL STREET, 27TH FLOOR
NEW YORK, NEW YORK  10005

KATHRYN J. RUSSO, ESQ.

4847-8942-3916, v. 1

18